UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES D.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CASE NO. C25-1380-BAT

**ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE CASE WITH PREJUDICE**

Plaintiff James D. seeks review of the denial of his application for Supplemental Security Income. He contends the ALJ erred in evaluating the medical opinion evidence, failed to conduct and adequate analysis at step three, improperly rejected plaintiff's testimony, and failed to conduct an adequate analysis at step five; he further argues evidence submitted to the Appeals Council constitutes substantial evidence that undermines the ALJ's decision. Dkt. 16. The Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is currently 48 years old and was 44 years old on the application date, has at least a high school education, and has no past relevant work. Tr. 32-33. He applied for benefits in September 2022, alleging disability since November 2, 2018. Tr. 166. After his application was denied initially and on reconsideration, the ALJ conducted a hearing and, on July 26, 2024,

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 1

issued a decision finding plaintiff not disabled. Tr. 22-34. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. Tr. 1.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found plaintiff had not engaged in substantial gainful activity since the application date; he had the following severe impairments: cervical spine and lumbar spine disorder with migraines; and these impairments did not meet or equal the requirements of a listed impairment. Tr. 24. The ALJ found plaintiff had the residual functional capacity (RFC) to perform light work except with a sit/stand option at every hour for 5 minutes without leaving the workstation; he was limited to occasional climbing ramps, stairs, ladders, ropes, or scaffolds, with occasional stooping, kneeling, crouching, and crawling; he must avoid concentrated exposure to industrial levels of noise, industrial levels of vibration, respiratory irritants, unprotected heights, and hazards. Tr. 25. The ALJ found plaintiff had no past relevant work but as there are jobs that exist in significant numbers in the national economy that plaintiff could perform, he was not disabled. Tr. 33-34.

## DISCUSSION

The Court will reverse the ALJ's decision only if it is unsupported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The ALJ's decision may not be reversed on account of harmless error. *Id.* at 1111. The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's interpretation. *Id*.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 2

**A.    Medical Opinions**

Plaintiff argues the ALJ misevaluated the medical opinion evidence from ARNP Fullner and Dr. Fahey. Dkt. 16 at 3. When considering medical opinions, the ALJ considers the persuasiveness of the medical opinion using five factors (supportability, consistency, relationship with claimant, specialization, and other), but supportability and consistency are the two most important factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2), (c) (2017). The ALJ must explain in the decision how the ALJ considered the factors of supportability and consistency. 20 C.F.R. §§ 404.1520c(b), 416.920c(b) (2017). The ALJ is not required to explain how she considered the other factors, unless the ALJ finds that two or more medical opinions or prior administrative medical findings about the same issue are both equally well-supported and consistent with the record, but not identical. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3) (2017). An ALJ cannot reject a medical opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

*1.    ARNP Fullner*

Su-Yong Fullner, ARNP, examined plaintiff in July 2023 and opined he could stand and walk less than two hours, sit less than two hours, lift less than 5 pounds frequently and less than 10 pounds occasionally and never carry; the ARNP noted plaintiff used a cane; and she opined plaintiff had numerous postural, manipulative, and environmental limitations. Tr. 753-59.

The ALJ found this opinion not fully persuasive. Tr. 32. With respect to supportability, the ALJ found it was not supported by a limited review of records and was made without knowledge plaintiff obtained a prescription for a cane at his own request just before the exam and with limited use since. *Id.* With respect to consistency, the ALJ found the opinion was

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 3

inconsistent with plaintiff's capability in treatment physical examinations, improvement with conservative treatment, and no acute distress observed with inconsistent reports of pain. *Id.* The ALJ nevertheless adopted a limitation for position changes which plaintiff indicated provided relief to his symptoms. *Id.*

Plaintiff argues the ALJ made only general assertions and failed to identify any specific inconsistencies. Dkt. 16 at 5. He first argues the ALJ failed to provide any explanation of the connection between plaintiff's cane usage and her rejection ARNP Fullner's opinion. *Id.* The ALJ evaluated plaintiff's use of a cane under Social Security Ruling 96-9p when assessing plaintiff's testimony. Tr. 27. SSR 96-9p provides use of a hand-held assistive device is medically necessary when there is medical documentation establishing the need for the device to aid in standing or walking and describing the circumstances for which it is needed. The ALJ found plaintiff indicated in his function reports he used a cane, but there was no evidence of its use or prescription before June 2023, when plaintiff requested a cane prescription for flareups, and the provider gave the prescription without parameters for its use. Tr. 27, 783-84. The ALJ found the following month, plaintiff appeared with the cane at two medical appointments, including his consultative examination with ARNP Fullner, but there were no further references to the use of or need for a cane in the record. Tr. 27. And the ALJ found plaintiff testified he used the cane for walking certain unspecified distances, which was a different intent than he told the provider who prescribed it. *Id.* Noting that no medical source had provided an opinion the cane was medically necessary, the ALJ did not find a cane or other assistive device to be medically necessary. *Id.* Plaintiff does not present arguments challenging the ALJ's assessment of the medical necessity of plaintiff's cane usage, and the Court finds no error in the ALJ's finding it was not medically necessary. Plaintiff's presentation with and use of a cane that was not medically necessary at the

consultative examination and ARNP Fullner's reliance on his use of a cane without reviewing the records related to its prescription was a valid reason to find the opinion unsupported and therefore not fully persuasive.

Plaintiff argues there is no indication his treatment examinations were inconsistent with ARNP Fullner's assessment. Dkt. 16 at 5. In finding that ARNP Fullner's assessment was inconsistent with plaintiff's presentation during treatment examinations, the ALJ cited to the same treatment records she had previously discussed while evaluating plaintiff's testimony. Tr. 32. In that discussion, the ALJ noted findings of normal range of motion, normal strength, non-antalgic gait, intact sensation, and the ability to ambulate without difficulty, although the ALJ also noted some reports of tenderness, cervical guarding and apprehension with extension, and some tightness and limits to cervical range of motion. Tr. 28-29. ARNP Fullner reported at one point plaintiff needed assistance to get up from a chair and at another he was able to get up from a chair by himself using a cane. Tr. 756. She reported plaintiff moved and walked very slowly and had an unsteady gait, and she assessed decreased strength in upper and lower extremities. Tr. 756-67. The ALJ reasonably found the normal findings in treatment examinations, including normal strength, non-antalgic gain, and no difficulty in ambulation, were inconsistent with ARNP Fuller's findings indicating greater limitations. This was a valid reason to find ARNP Fullner's opinion inconsistent with the treatment record and therefore not fully persuasive.

Plaintiff argues the ALJ failed to explain how plaintiff's symptoms improved with conservative treatment. Dkt. 16 at 5. When evaluating plaintiff's testimony, the ALJ discussed the nature of plaintiff's treatment, which included physical therapy, massage therapy, and acupuncture, as well as epidural steroid injections, and reports by plaintiff and his providers of improvement, relief from pain, and increased range of motion with these treatments; the ALJ

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 5

found plaintiff's responsiveness to fairly conservative treatment was inconsistent with his allegations. Tr. 28. The ALJ relied on the same assessment of plaintiff's treatment when evaluating the consistency of ARNP Fullner's opinion with the treatment record. Tr. 32. The ALJ reasonably found plaintiff's improvement with the conservative treatment was inconsistent with ARNP Fullner's opinion. This was a valid reason to find ARNP Fullner's opinion inconsistent with the record and therefore not fully persuasive.

Finally, plaintiff asserts the ARNP's opinion is consistent with evidence such as MRI findings, Dr. Fahy's finding plaintiff meets the criteria for a disabled parking permit, his presentation at various treatment visits, the prescription for a cane, and Dr. Fahy's opinion. Dkt. 16 at 6-7. Plaintiff asks the Court to reweigh the evidence and interpret it differently than the ALJ did. However, because the ALJ gave valid reasons, supported by substantial evidence, for finding the opinion unsupported and inconsistent, the Court may not disturb that finding. The ALJ did not err in finding ARNP Fullner's opinion not fully persuasive.

     2.    *Dr. Fahy*

Plaintiff's primary care physician, Katherine Fahy, M.D., opined in March 2024 plaintiff was severely limited, meaning unable to meet the demands of sedentary work, and specified that he was unable to frequently lift 10 pounds; she also opined plaintiff was unable to sit for long periods of time and had difficulty driving long distances. Tr. 906-08.

The ALJ found this opinion was unsupported by Dr. Fahy's treatment note from the same day, which showed plaintiff reported he could lift 15 pounds and was in no acute distress, he ambulated without difficulty and had a normal gait, and he had normal musculoskeletal findings, grossly normal muscle tone, and normal strength. Tr. 32. The ALJ noted Dr. Fahy's findings of reduced cervical range of motion, Spurling's sign negative on the right and mildly positive on the

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 6

left, and mild to moderate tenderness in the neck and back but concluded Dr. Fahy's opinion was not well supported by her examination. *Id.* The ALJ also found the opinion was not well explained using vague terms such as "long" and noted the doctor did not suggest the need for a cane. *Id.* And the ALJ found the opinion inconsistent with plaintiff's performance in physical examinations, his relatively conservative treatment through which he saw improvement, and reports of no acute distress and inconsistent reports of pain. *Id.* The ALJ therefore did not find the opinion persuasive but included the ability to shift positions to accommodate plaintiff's symptoms and provide relief from sitting in a sedentary job. *Id.*

Plaintiff again argues the ALJ made only general findings, the ALJ erred by finding that plaintiff improved with conservative treatment, and the ALJ did not explain how the objective findings are unsupportive of the opinion. Dkt. 16 at 8-9. As noted above, the ALJ discussed the objective findings and plaintiff's course of treatment as part of evaluating plaintiff's testimony; these were also valid reasons for finding Dr. Fahey's opinion not persuasive. In addition, the ALJ detailed findings from Dr. Fahy's treatment notes from the same day, including normal muscle tone and strength, normal gait, and no suggestion of the need for a cane, as well as some reduction of cervical range of motion and mildly positive Spurling's sign on the left only, but negative on the right and negative straight leg raises. Tr. 32. The ALJ reasonably concluded these findings did not support the extent of the limitations Dr. Fahy opined on the same day she conducted this examination. This was a valid reason to find the opinion unsupported and therefore not persuasive.

Plaintiff also argues the ALJ erred by finding the opinion vague, asserting Dr. Fahy's specified plaintiff is unable to meet the demands of sedentary work and rated his limitation as "severe," defined as an "inability to perform" basic work activities such as sitting, standing,

walking, lifting, carrying, and more. Dkt. 16 at 9. But the ALJ could reasonably find Dr. Fahy's use of the term "long" in opining plaintiff was unable to sit for long periods of time and had difficulty driving long distances was vague. The ALJ did not err by evaluating these statements and finding that her use of the term "long" without explanation was not helpful. The ALJ gave valid reasons, supported by substantial evidence, for finding Dr. Fahy's opinion not persuasive.

**B.    Step Three**

Plaintiff argues the ALJ erred at step three by failing to evaluate the appropriate listings and failing to find plaintiff's impairments met or equaled a listing. Dkt. 16 at 9-10. At step three, the ALJ must determine whether a claimant's impairments meet or equal a listed impairment. 20 C.F.R. § 416.920(a). The listings describe specific impairments that are considered "severe enough to prevent an individual from doing any gainful activity regardless of his or her age, education, or work experience." 20 C.F.R. § 416.925(a). A claimant whose impairments either meet or equal a listing is presumptively disabled. 20 C.F.R. § 416.920(a).

*1.    Musculoskeletal disorders*

The ALJ considered two listings under section 1.00 for musculoskeletal disorders, listing 1.16, lumbar spine stenosis, and listing 1.18, abnormality of a major joint in any extremity, finding the evidence did not establish plaintiff's impairments met either listing. Tr. 25. Plaintiff argues the ALJ erred by failing to consider whether plaintiff's impairments met or equaled listing 1.15, disorder of the skeletal spine resulting in compromise of a nerve root(s). Dkt. 16 at 10. He asserts he meets this listing due to (1) the prescribed use of an assistive device in the form of a cane and (2) the inability to perform work-related activities due to the use of a cane with one arm and pain, numbness, and tingling in both arms. *Id.*

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 8

Listing 1.16 requires not that an assistive device be merely prescribed but that it be a "documented medical need." 20 C.F.R. pt. 404, subpt. P app. 1, § 1.16. A documented medical need is defined as "evidence from a medical source that supports your medical need for an assistive device"; this evidence "must describe any limitation(s) in your upper or lower extremity functioning and the circumstances for which you need to use the device." *Id.* § 1.00C6a. As noted above, when evaluating plaintiff's residual functional capacity, the ALJ found under SSR 96-9p that plaintiff's use of a cane was not medically necessary because no treating source had provided an opinion that a cane was medically necessary and because plaintiff's request for a prescription for a cane was granted without parameters for its use. Tr. 27. Plaintiff has not identified any evidence from a medical source that describes limitations in plaintiff's upper or lower extremity functioning or that describes the circumstances in which he needs to use a cane. Because plaintiff has not established a documented medical need for use of a cane, he cannot establish that he meets or equals listing 1.16. Accordingly, any error in the ALJ's failure to consider listing 1.16 was harmless. *See Molina*, 674 F.3d at 1122 (error is harmless where it is inconsequential to the ALJ's ultimate nondisability determination)

### 2. Neurological disorders

Noting there is no specific listing for migraines, the ALJ evaluated plaintiff's migraines under section 11.00, neurological disorders, finding there was no evidence that clinical findings from this impairment reached listing-level severity, and the frequency of migraines was largely based on plaintiff's self-report, which the ALJ found not fully reliable. Tr. 25. Plaintiff argues the ALJ erred by failing to consider his migraines under listing 11.02, epilepsy, arguing his migraine impairment is functionally equivalent to this listing because he has at least one

migraine headache per week despite taking prescribed medications, with the need to lie down in a dark, quiet room. Dkt. 16 at 10.

The ALJ considered plaintiff's migraines under section 11.00, which encompasses listing 11.02. *See* 20 C.F.R. pt. 404, subpt. P app. 1, § 11.00. The ALJ's finding plaintiff's impairment did not meet the level of severity contemplated by section 11.00 necessarily precludes a finding that plaintiff's migraines equaled listing 11.02. In addition, plaintiff supports his argument by citing to his own testimony and to a treatment note where Dr. Fahy refilled plaintiff's migraine medication. Dkt. 16 at 10 (citing Tr. 51-53, 880). But Dr. Fahy's treatment note does not contain any clinical findings regarding the frequency or severity of plaintiff's migraines, and the ALJ validly discounted plaintiff's testimony about the frequency and severity of his migraines, as discussed in the following section. Plaintiff has not established that the ALJ erred in evaluating his migraines at step three.

### C.    Plaintiff's Testimony

Plaintiff argues the ALJ erroneously rejected his testimony. Dkt. 16 at 11. The ALJ did not find that plaintiff was malingering and was thus required to provide clear and convincing reasons to reject his testimony. *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). An ALJ does this by making specific findings supported by substantial evidence. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). Thus, an ALJ's determination to discount a claimant's testimony must be "sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015).

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 10

The ALJ found plaintiff's testimony not entirely consistent with the medical evidence and other evidence in the record. Tr. 26. The ALJ found plaintiff's use of a cane was not medically necessary, he made inconsistent reports about the nature and severity of his symptoms, he improved with relatively conservative treatment, physical findings were inconsistent with the extent of his allegations, and providers did not observe acute or apparent distress. Tr. 27-30.

Plaintiff argues the ALJ erred by doing little more than rejecting his claims as unsupported by the objective evidence. Dkt. 16 at 13. The lack of supportive objective medical evidence cannot be the sole reason an ALJ discounts subjective complaints. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). But the ALJ gave other reasons for discounting plaintiff's testimony, as plaintiff acknowledges by challenging those reasons. The ALJ did not err by relying solely on the objective evidence in evaluating plaintiff's testimony.

The ALJ first found imaging from the period leading up to plaintiff's application date was consistent with limited physical functioning, discussing imaging findings from early 2019 through November 2021. Tr. 27. Plaintiff asserts the ALJ's reliance on medical evidence from before his application date of August 2022 is of limited relevance to his SSI claim. Dkt. 16 at 13. However, plaintiff alleged a disability onset date of November 2018. The ALJ did not err by considering medical records from throughout the alleged disability period.

The ALJ next addressed plaintiff's use of a cane under Social Security Ruling 96-9p. As discussed above, the ALJ found plaintiff's use of a cane was not medically necessary because there was no medical documentation establishing the need for the device to aid in standing or walking or describing the circumstances for which it is needed. Tr. 27. Plaintiff asserts the ALJ should have considered plaintiff's use of a cane to alleviate his symptoms of pain and numbness. Dkt. 16 at 14. But, as noted above, plaintiff does not challenge the ALJ's assessment of his use

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 11

of a cane under SSR 96-9p, and the Court has found no error in that assessment. The Court finds no error in the ALJ's failure to consider plaintiff's use of a cane to alleviate symptoms when the ALJ had validly found the cane to be not medically necessary.

The ALJ next addressed the course of plaintiff's treatment. With respect to his migraines, the ALJ found plaintiff made inconsistent reports about his migraines, including inconsistent reports about when he began experiencing migraines, their frequency, and the effectiveness of medications, as well as failure to avoid a known trigger (smoking), and failure to follow up on a referral to neurology. Tr. 27-28. With respect to his back and neck impairments, the ALJ found that plaintiff reported good response to relatively conservative treatment, including physical therapy, acupuncture, and massage therapy, but also including spinal injections. Tr. 28. The ALJ concluded plaintiff's responsiveness to fairly conservative treatment was inconsistent with his allegations of disabling physical symptoms. *Id.*

Plaintiff asserts the ALJ did not account for the fact his symptoms wax and wane, he did not in fact improve with conservative treatment, and that the ALJ failed to consider steps he takes to alleviate his symptoms such as using a cane, lying down during the day, limiting his activities, and resting in a dark room when experiencing a migraine. Dkt. 16 at 13-14. But the ALJ cites to specific instances in the record to support his findings, including plaintiff's reports to providers his migraines began after his first motor vehicle accident but he was first prescribed sumatriptan at least the month before that accident (Tr. 280, 892), his reports of relief from spinal injections and from physical therapy (Tr. 386, 457, 463, 575, 621, 703, 877), providers' recommendation of continued conservative treatment (gabapentin, ibuprofen, heat therapy, and daily physical activity) (Tr. 880), and plaintiff's failure to follow up on a referral to neurology for his migraines (Tr. 892). The ALJ's assessment of plaintiff's responsiveness to conservative

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 12

treatment is a reasonable interpretation of the evidence that this Court may not disturb, even if plaintiff proposes a different interpretation. This was a valid reason to discount plaintiff's testimony.

The ALJ found plaintiff's performance in physical examinations was inconsistent with the extent of his allegations and that he showed greater limitation at the consultative examination than in examinations by treatment providers. Tr. 28-29. Plaintiff asserts his presentation at examinations is consistent with his allegations. Dkt. 16 at 13-14. But the ALJ cited to examinations where plaintiff demonstrated normal sensation, muscle tone, and strength, and even when plaintiff demonstrated mild positive Spurling's sign on the left, moderate cervical and lumbar tenderness, and limited cervical range of motion, he had normal lumbar range of motion and a normal gait. Tr. 28-29. As noted above, ARNP Fullner observed greater limitations at the consultative examination, including inability to get up from a chair without assistance, unsteady gait, and decreased strength. Tr. 756. The ALJ cited to substantial evidence to support her finding plaintiff's presentation at treatment examinations was inconsistent with his testimony and with his presentation at the consultative examination. This was a valid reason to discount his testimony.

The ALJ found plaintiff's statements about his symptoms were inconsistent with the longitudinal evidence. Tr. 29. The ALJ noted plaintiff contended his pain is constant but he told providers it comes and goes; he testified to pain with reaching in all directions but told his physical therapist reaching is difficult only at times; he denied radiating pain, lower extremity weakness, and numbness and tingling to providers; he did not initially include migraines as limiting his work activity in his application for disability benefits; and he asserted an excessive amount of daytime sleepiness as a result of medications but the record does not show that he told

his providers this and at a sleep center consult he indicated he only naps here and there for an hour or two. Tr. 28-29. Plaintiff either disregards these findings or asserts without explanation the evidence is consistent with his allegations. Dkt. 16 at 13-14. But this is insufficient to establish the ALJ erred in evaluating the consistency of plaintiff's statements with the evidence in the record. The ALJ cited to substantial evidence in the record to support this finding. This was a valid reason, supported by substantial evidence, to discount plaintiff's testimony.

The ALJ provided clear and convincing reasons, supported by substantial evidence, to discount plaintiff's testimony.

### D.      Evidence Submitted to the Appeals Council

Plaintiff argues evidence he submitted to the Appeals Council demonstrates the ALJ's decision not supported by substantial evidence. Dkt. 16 at 15. When the Appeals Council considers new evidence in declining review, that evidence becomes part of the administrative record, which this court must consider in determining whether the ALJ's decision is supported by substantial evidence. *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1159-60 (9th Cir. 2012).

Plaintiff submitted an opinion from Dr. Lahey dated August 24, 2024, in which she opined plaintiff is severely limited, defined as unable to perform the demands of even sedentary work; he has to lie down for 30 to 60 minutes several times daily; he experiences drowsiness from his medications; he would likely miss work and/or be off task and unproductive at work due to his impairments if he attempted to work a 40-hour week, although she stated the amount of time was either unknown or would depend on the job; overhead reaching causes his neck pain to flare; and these limitations existed since at least November 2018. Tr. 8-10. The Appeals

Council found this evidence did not show a reasonable probability that it would change the outcome of the decision and did not exhibit the evidence. Tr. 2.

Plaintiff asserts the Appeals Council's finding contains no evaluation of the assessed limitations and overlooks the fact the opinion confirms plaintiff's testimony. Dkt. 16 at 15. This opinion is similar to Dr. Fahey's March 2024 opinion, particularly in her overall assessment that plaintiff is severely limited and unable to perform even sedentary work. In addition, Dr. Fahey declined to quantify several of the limitations she opined, stating the time plaintiff would miss work and/or be off task and unproductive was unknown or depended on the job. Given the similarity between Dr. Fahey's March 2024 opinion and her August 2024 opinion and the validity of the ALJ's reasons for finding the March 2024 opinion not persuasive, the Court cannot say the addition of the August 2024 opinion to the record undermines the substantial evidence support for the ALJ's decision.

### E.    Step five

Plaintiff argues the vocational testimony on which the ALJ relied at step five was without evidentiary value because it was provided in response to an incomplete hypothetical. Dkt. 16 at 15-16. This argument is based on his previous assignments of error, all of which this Court has rejected. Because the ALJ's hypothetical to the vocational expert contained all of the limitations that the ALJ found credible and supported by substantial evidence, the ALJ's reliance on the expert's testimony was proper. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217-18 (9th Cir. 2005).

### CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED,** and this case is **DISMISSED** with prejudice.

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 15

DATED this 13th day of March, 2026.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 16